LAWYERS FOR CLEAN WATER, INC.
Drevet Hunt (Bar No. 240487)
    Email: drev@lawyersforcleanwater.com
Layne Friedrich (Bar No. 195431)
    Email: layne@lawyersforcleanwater.com
1004-A O'Reilly Avenue
San Francisco, California 94129
Telephone:  (415) 440-6520
Facsimile:  (415) 440-4155

*Attorneys for Plaintiff*
LOS ANGELES WATERKEEPER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES WATERKEEPER, a California non-profit corporation,<br><br>          Plaintiff,<br>vs.<br><br>A AND A METAL RECYCLING, INC., a California corporation; SINDY CARDONA, an individual;<br><br>          Defendants. | Civil Case No. 15-cv-04326 MWF-JEM<br><br>**DECLARATION OF DREVET HUNT IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Honorable Judge Michael W. Fitzgerald<br><br>Hearing Date:  November 16, 2015<br>Hearing Time:  10:00 a.m.<br>Location: Courtroom:  1600, 16th Floor |

Hunt Decl. ISO Motion for Default Judgment     Civil Case No. 15-cv-04326 MWF-JEM

1. I represent Plaintiff Los Angeles Waterkeeper ("Waterkeeper" or "Plaintiff") and am a counsel of record in this action. I have personal knowledge of the matters stated herein.

2. I am currently a member of the Bar of California and am admitted to practice before the United States District Court for the Central District, among others.

3. This declaration is being made in support of the foregoing motion for default judgment against Sindy Cardona and A and A Metal Recycling, Inc. (collectively "Defendants") for Clean Water Act violations at their facility on 2821 East Washington Boulevard, Los Angeles, California 90023 (hereinafter the "Facility").

4. Attached to this declaration are the following documents:

    EXHIBIT A.    Los Angeles Waterkeeper's Public Records Act Request.

    EXHIBIT B.    Regional Board Request For Information to Defendants Re: Los Angeles Waterkeeper's Public Records Act Request.

    EXHIBIT C.    April 12, 2012 Notice of Intent to Obtain Coverage Under Storm Water Permit.

    EXHIBIT D.    Excerpts of 2011/2012 Annual Report.

    EXHIBIT E.    Excerpts of 2012/2013 Annual Report.

    EXHIBIT F.    Excerpts of June 11, 2014 Storm water Pollution Prevention Plan and Monitoring & Reporting Program.

    EXHIBIT G.    August 31, 2015 Correspondence to Defendant Sindy Cardona.

    EXHIBIT H.    A true and correct copy of *Santa Monica Baykeeper v. Sunlite Salvage, Inc.*, Case No. CV-99-4578 WDK (C.D. Cal. Dec. 22, 1999) Order Granting in Part Plaintiff's Motion for Partial Summary Judgment.

    EXHIBIT I.    A true and correct copy of *Ecological Rights Found. v. Sierra Pac. Indus., Inc.*, Case No. C 01-0520 MEJ (N.D.

Cal. Oct. 30, 2002), Order Granting Plaintiff's Motion for Partial Summary Judgment.

EXHIBIT J.   Time records of Drevet Hunt.

EXHIBIT K.   Time Records of Plaintiff's staff attorneys Jeffrey Van Name and Tatiana Gaur.

EXHIBIT L.   Documentation of Plaintiff's Costs Incurred.

## I. INVESTIGATION OF DEFENDANTS' INDUSTRIAL OPERATIONS AND HISTORY OF LITIGATION

5.   My client in this action contacted me regarding Defendants' industrial operations in 2014 after becoming aware of the Facility as part of their ongoing monitoring of pollution issues in the Los Angeles area watershed. Waterkeeper retained me to represent it in this enforcement action and sent me the files that it had obtained from the Regional Water Quality Control Board ("Regional Board") in response to a Public Records Act ("PRA") request that it had issued. Exhibits A and B are true and correct copies of the PRA request, and the Regional Board's subsequent letter sent to Defendants for the requested information.

6.   Documents that I reviewed that were obtained from the Regional Board via Plaintiff's PRA include the Defendants' Notice of Intent to obtain coverage under the Storm Water Permit. A true and correct copy of the NOI is attached hereto as Exhibit C. Exhibit D and Exhibit E are true and correct copies of excerpts of the Defendants' 2011/2012 Annual Report and 2012/2013 Annual Report, respectively. Finally, I reviewed the Storm Water Pollution Prevention Plan ("SWPPP") and Monitoring and Reporting Program (M&RP") received from the Regional Board in response to the PRA request; true and correct copies of excerpts of the SWPPP and M&RP are attached as Exhibit F.

7.   Plaintiff conducted investigations into the storm water compliance at the Facility including collecting samples of storm water discharges at the Facility on January

1  24, 2013; March 8, 2013; February 27, 2014; December 2, 2014, and; December 12,
2  2014. I discussed the results of these sample events with my client and the staff attorney.

3      8.    The results of Plaintiff's sampling demonstrated numerous and significant
4  exceedances of the pollutant Benchmark Levels in EPA's NPDES Multi-Sector General
5  Permit for Stormwater Discharges Associated With Industrial Activity, and of the
6  California Toxics Rule. Tables compiling the sample results of storm water discharges
7  from the facility compared to EPA's Benchmark Levels and to the numeric values in the
8  California Toxics Rule were included in Waterkeeper's Notice of Intent to File Suit letter
9  issued to the Defendants. *See* ECF Dkt. No. 1-1 at pp. 9-1.

10      9.    On March 9, 2015, Waterkeeper issued a sixty (60) day Notice of Intent to
11  Sue ("Notice Letter") to Sindy Cardona and A and A Metal Recycling, Inc. The Notice
12  Letter informed the Defendants of their violations of the California General Permit for
13  Discharges of Storm Water Associated with Industrial Activities (*National Pollutant*
14  *Discharge Elimination System ("NPDES") General Permit No. CAS000001, State Water*
15  *Resources Control Board Water Quality Order No. 92-12-DWQ, reissued by Order No.*
16  *97-03-DWQ*)[1] (hereinafter "Storm Water Permit"), and the Clean Water Act, 33 U.S.C.
17  §§ 1251 *et seq.* ("Clean Water Act" or "CWA"). The Notice Letter also informed
18  Defendants of Waterkeeper's intent to file suit against them to enforce the Storm Water
19  Permit and the Clean Water Act.

20      10.    On June 8, 2015, Plaintiff filed a complaint against Sindy Cardona and A
21  and A Metal Recycling, Inc. in the United States District Court, Central District of
22  California. *See* ECF Dkt. No. 1

23      11.    Sindy Cardona and A and A Metal Recycling, Inc. were served on July 17,
24  2015, and were required to answer or otherwise respond to the complaint on or before
25  August 7, 2015. *See* ECF Dkt. Nos. 10 and 11.

26      12.    As set forth below, I had several discussions with Defendants in an effort to

---

[1] The Storm Water Permit was reissued again under *Order No. 2014-0057-DWQ*.

1  get them to respond to the complaint. However, they did not respond and accordingly on
2  September 1, 2015, I filed a Request for Entry of Default. *See* ECF Dkt. Nos. 15 and 16.
3      13.    On September 9, 2015, the clerk entered default against defendant Sindy
4  Cardona and A and A Metal Recycling, Inc. *See* ECF Dkt. No. 17.

**II. MEETINGS AND CORRESPONDENCES WITH DEFENDANTS**

    14.    On or about July 30, 2015, I spoke with Sindy Cardona to discuss the storm water compliance issues at the Facility raised in the 60-day Notice Letter and the complaint. At this meeting, I suggested to Ms. Cardona that she and the other named defendant should retain legal counsel to represent them in this action. I also informed her that the Defendants are obligated to respond to the complaint in Court and that the deadline for doing so had passed.

    15.    On August 14, 2015, I spoke with Sindy Cardona to discuss the complaint filed against her, and the failure of any of the Defendants to timely respond to the complaint. At this meeting I again suggested that Defendants retain legal counsel to represent them in this action.

    16.    On August 24, 2015, I again corresponded with Ms. Cardona in an effort to have her retain counsel and respond to the complaint. I also informed her that Plaintiff would be seeking default if a response was not forthcoming.

    17.    On August 31, 2015, I sent Ms. Cardona a letter to inform her that because of her continuing failure to respond to the complaint regarding the storm water pollution issues at the facility, Plaintiff had filed for a request to enter default, and then would file for a default judgment. I once again urged Defendants to retain counsel, and of the Local Rule 83-2.1.1.3 requiring corporations to appear only through an attorney. A true and correct copy of this letter is attached hereto as Exhibit G.

    18.    On August 31, 2015, I served Ms. Cardona with file stamped copies of the Request to Enter Default and my accompanying Declaration in Support of Request to Enter Default.

    19.    In an ongoing effort to address the storm water pollution issues at the

facility, on September 18, 2015, I met in person with Defendants at my client's offices in Santa Monica. I once again informed them of the ongoing litigation and encouraged them to seek counsel, or otherwise respond to the complaint in this action.

20. On September 24, 2015, I sent Ms. Cardona another correspondence reiterating what we discussed at the September 18 meeting, notably that it is essential that Defendants hire an attorney to represent them, and the need to respond to the complaint. I also notified Defendants that this court issued an order to show cause for the default entry, and that the court set a hearing date of October 19, 2015 unless a motion for default judgment was filed. I requested that Ms. Cardona confirm receipt of the correspondence.

21. On October 9, 2015 Ms. Cardona responded to my September 22, 2015 correspondence with an email stating the following: "Got it. Thanks!"

22. As of the filing of the Motion for Default Judgment and this declaration, none of the Defendants have filed a response to Plaintiff's complaint.

23. Based on my meetings and correspondence with Ms. Cardona, she is not a infant, or an incompetent person, nor is she represented by a general guardian, committee, conservator or other representative. Defendant A and A Recycling, Inc. is a corporation. Neither of the Defendants have appeared personally or by a representative in the above-entitled Court.

### III. MY EXPERIENCE AND EDUCATION

24. I am a 2005 graduate of the University of California, Hastings College of the Law in San Francisco, California. I was admitted to the California Bar in December 2005.

25. Prior to my admission to the California Bar I worked as a law clerk at Lawyers for Clean Water, Inc. I interned as a law clerk for two semesters during law school with Earthjustice Legal Defense Fund in Oakland, California, a public interest legal organization devoted to enforcing federal environmental laws. I also worked as a law clerk at the Environmental Law Clinic at Stanford University during the summer

between my first and second years of law school. In total, prior to beginning to practice as an environmental attorney, I spent over a year of my legal education in clinical settings acquiring the knowledge and skills relevant to the practice of environmental law in federal court.

26. I was hired as an associate attorney at Lawyers for Clean Water, Inc., in San Francisco, California, after my admission to the California Bar. I was made a partner at Lawyers for Clean Water in 2012. While at Lawyers for Clean Water, I have successfully acted as counsel in numerous cases. My primary clients have been Humboldt Baykeeper, Klamath Riverkeeper, Santa Monica Baykeeper, San Francisco Baykeeper/Los Angeles Waterkeeper, Orange County Coastkeeper, Ecological Rights Foundation, Waterkeeper Alliance, Inc., California Coastkeeper Alliance, and the California Sportfishing Protection Alliance. Through my representation of these clients, I gained significant experience with and understanding of federal environmental statutes such as the Clean Water Act and the federal Resource Conservation and Recovery Act ("RCRA"), as well as their state counterparts. I have conducted discovery on a routine basis, including preparing for and taking depositions, and have become familiar with the Federal Rules of Civil Procedure. I have also participated in the supervision of the law clerks and interns hired by the firm. Supervision of law clerks provides valuable insight into the skills essential to complex litigation.

27. My environmental litigation experience in federal courts includes the year of experience I gained in law school as a law clerk and the approximately ten years of experience I have gained at Lawyers for Clean Water, Inc.

28. I have worked on dozens of cases and environmental issues in federal court, state court, and in proceedings before administrative agencies. In all, I have gained considerable environmental litigation experience over the ten years I have practiced law.

**IV. LEGAL FEES INCURRED AND THE APPLICATION OF BILLING JUDGMENT**

29. My current hourly rate is $480.00 per hour. I bill my time in this case at my

current rate of $480.00 per hour. I have recovered my hourly rate through settlement and/or court awards in all the completed cases in which I provided representation.

30. On February 15, 2011, in *Edwards et al. v. City of Colfax*, 2011 U.S. Dist. LEXIS 17105 (E.D. Cal. Feb. 15, 2011), the District Court for the Eastern District of California confirmed my hourly rate of $350.00 as consistent with prevailing market rates for the San Francisco Bay Area, and reasonable in light of my extraordinary expertise and skill in litigating Clean Water Act citizen enforcement actions.

31. On December 1, 2011, my 2011 rate was also awarded in *San Francisco Baykeeper v. West Bay Sanitation Dist.*, 2011 U.S. Dist. LEXIS 138093 (N.D. Cal. Dec. 1, 2011). Specifically, the Court ruled that the rates billed for attorneys at Lawyers for Clean Water are "reasonable, given the experience of the attorneys and the rate's consistency with prevailing rates of other San Francisco attorneys who specialize in public interest environmental litigation. *W. Bay Sanitary Dist.*, 2011 U.S. Dist. LEXIS 138093, at *26.

32. I graduated from law school in 2005. Given my specific experience in complex environmental litigation on the issues presented in this case, my rate of $480.00 per hour is comparable to and is within the range of billing rates for lawyers with similar years of experience in other firms in the San Francisco bay area.

33. I have performed considerable work initiating and continuing this enforcement action. Attached hereto as Exhibit J is a true and correct copy of my time records for work litigating this enforcement action against Defendants through the date of the filing of this motion, as recorded in the *Bill4Time* software. LCW uses *Bill4Time* software to keep records of attorney time spent on specified cases. I am familiar with *Bill4Time* and its functions. *Bill4Time* tracks the time spent on each case as hours, minutes, and seconds.  When a report summarizing hours spent is requested, *Bill4Time* converts the time recorded to hours and/or fractions of hours *(i.e.*, 1 hour, 15 minutes is converted to 1.25 hours).

34. My hours billed, including my time spent on this motion, currently total

17.83 hours for a total of $8,558.40. All my time for which recovery is sought was reasonably and necessarily incurred in pursuit of this enforcement action and in bringing this Motion. *See* Exhibit J attached hereto.

35.  Waterkeeper seeks to recover at total of $11,170.00 for work performed by its staff attorneys, Jeff Van Name and Tatiana Gaur. Mr. Van Name spent 38.2 hours at $250/hour, for a total of $9,550.00. Ms. Grauer spent 3.6 hours at $450/hour, for a total of $1,620.00. Their attorney billing records are attached as Exhibit K.

36.  Finally, Plaintiff is seeking reimbursement of its costs spent in investigating and initiating this enforcement action, which total $4,132.54. The documentation for these costs is set forth at Exhibit L.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 14th day of October 2015 in San Francisco, California.

                                          Respectfully submitted,

                                        LAWYERS FOR CLEAN WATER, INC.

                                                /s/ Drevet Hunt
                                        Drevet Hunt
                                        Attorney for Plaintiff
                                        Los Angeles Waterkeeper